|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| ALFREDO CELESTINO LABRADA, | Case No. 2:19-cv-01446-APG-BNW |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN CLARK COUNTY DETENTION CENTER, | (ECF No. 1) |
| Respondent. | |

This matter is before me for screening under the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, I order Petitioner Alfredo Celestino Labrada to show cause within 30 days as to why I should not dismiss this action without prejudice for a failure to exhaust his claims in state court. He must also resolve the filing fee and file an amended petition.

Labrada's Petition for Writ of Habeas Corpus (ECF No. 1-1) indicates that he is a *pro se* state prisoner challenging a conviction and sentence imposed by the Eighth Judicial District Court of the State of Nevada. *See State v. Labrada*, C-15-311538-1.[2] He was convicted on two counts: attempted lewdness with a child under the age of 14 and coercion sexually motivated. Sentencing recently took place on August 6, 2019. Labrada represents that he has not filed an appeal to the Nevada appellate courts regarding his conviction.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Judicial notice is properly taken of proceedings in other courts, both within and outside the federal judicial system, if those proceedings have a direct relation to matters at issue. *E.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). I takes judicial notice of the proceedings in Labrada's state criminal case. The docket records of the Eighth Judicial District Court may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

**Order to Show Cause Why the Petition Should Not be Dismissed**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

It appears that Labrada's petition is wholly unexhausted in state court and is subject to dismissal without prejudice. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner seeking habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must fully and fairly present his claims to the state courts. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim must be raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and he must state the facts that he claims entitle him to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). Fair presentation requires the petitioner to present the state courts with both the operative facts and the federal

legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Labrada was sentenced by the state court less than a month ago. The petition concedes that he has not filed a direct appeal or initiated a state habeas action. Thus, it is virtually certain that he has not exhausted any federal constitutional claim relative to his judgment of conviction, and this federal habeas action is premature. Accordingly, Labrada will be required to show cause why this action should not be dismissed because of his failure to exhaust his claims in state court.

**The Filing Fee and Required Amendment**

In addition to the lack of exhaustion, multiple procedural errors are apparent.

First, Labrada has not properly commenced this habeas action by either paying the standard filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). He submitted a hand-written petition under 28 U.S.C. § 2241, but he did not pay the $5 filing fee or submit an IFP application for incarcerated litigants. LSR 1-1, LSR 1-2; 28 U.S.C. § 1915(a). To proceed in a civil action without paying the standard filing fee, LSR 1-1 and § 1915 provide that a prisoner must submit the court's form IFP application for incarcerated litigants. LSR 1-2 and § 1915 specifically require that three items be submitted with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them. Labrada must either pay the $5 filing fee or submit a complete IFP application with all required attachments within 30 days from the date of this order.

Second, Labrada incorrectly filed his petition under 28 U.S.C. § 2241. The petition states that he is in custody pursuant to a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). Unlike a complaint in other civil cases, a petition for writ of habeas corpus must be submitted on the court's approved form. LSR 3-1; *see also* Habeas Rule 2(d). The form instructs a petitioner to provide information about various procedural matters, such as procedural default and exhaustion. Labrada must, within 30 days of the date of this order, file an amended petition on the correct § 2254 form.[3]

Third, the petition does not name a respondent.[4] Habeas Rule 2(a) states that when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Typically, this is the warden of the correctional facility where a petitioner is housed.[5] Failure to name the proper respondent strips the court of personal jurisdiction. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). As such, Labrada's amended petition must name the correct respondent.

---

[3] Labrada at all times remains responsible for calculating the applicable statute of limitations. By ordering him to amend his petition, I make no finding or representation that either the original or amended petition will be considered timely.

[4] It appears that the Clerk of Court may have identified the warden of the Clark County Detention Center as the respondent by default.

[5] Although the petition indicates that Labrada is currently incarcerated at the Clark County Detention Center; online records of the Nevada Department of Corrections (NDOC) indicate that Labrada is now at High Desert State Prison. I take judicial notice of Labrada's current housing and status as reported in NDOC's online records. The inmate search tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/. Regardless, Labrada is advised that he is responsible for keeping the court apprised of his current address, and a failure to do so may result in the dismissal of this case. LSR 2-2.

If Labrada chooses to file an amended petition, he must do so within 30 days of the date of this order. This is in addition to resolving the filing fee and responding to the order to show cause. The amended petition should set forth the claims in short and plain terms, simply, concisely, and directly. This means that Labrada should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Exhibits are not a substitute for a proper petition. Labrada should specifically identify what constitutional rights he believes were violated.

Additionally, Labrada is informed that he cannot refer to a prior pleading (*i.e.*, the original petition) in order to make the amended petition complete. *See* LR 15-1(a); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (as a general rule, an amended pleading supersedes the original). Therefore, the amended petition must re-allege all claims for relief. Any claim that Labrada does not re-allege will be waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS ORDERED:**

1. The Clerk of Court will update Labrada's address to High Desert State Prison, and mail him two blank copies of the IFP application for incarcerated litigants and the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

2. **Within 30 days of the date of this order**:

    a. Labrada must file a "Response to Order to Show Cause," showing cause why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Labrada's showing must be factually detailed, and must, where possible, be supported by exhibits.

    b. Labrada must file an IFP application along with all required attachments or, in the alternative, he will pay the $5 filing fee.

    c. Labrada must file an amended petition that corrects the noted deficiencies. Labrada must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 2:19-cv-01446-APG-BNW in the space for the case number ("CASE NO.").

3. Labrada's failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

Dated: August 22, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE