# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALFREDO CELESTINO LABRADA,

    Petitioner,

    v.

WARDEN CLARK COUNTY DETENTION CENTER,

    Respondent.

Case No. 2:19-cv-01446-APG-BNW

**ORDER**

Petitioner Alfredo Celestino Labrada has failed to comply with my prior Order. ECF No. 3. Labrada is proceeding in this action *pro se*. On about August 19, 2019, he submitted for mailing a Petition for Writ of Habeas Corpus (ECF No. 1-1), but he did not file an application to proceed *in forma pauperis* (IFP) or pay the $5.00 filing fee. On August 22, 2019, I ordered Labrada to show cause in writing why this action should not be dismissed for a failure to exhaust state remedies. ECF No. 3. I also ordered him to file an amended petition on the approved form for habeas actions under 28 U.S.C. § 2254, and to either pay the $5.00 filing fee or file an application for leave to proceed *in forma pauperis* within 30 days. Labrada was warned that his failure to timely and fully comply with the order would "result in the dismissal of this action without prejudice and without further advance notice." ECF No. 3.

Labrada has not complied with my order and the 30-day deadline has expired. I will give Labrada one final opportunity to comply with my order.

In addition, Labrada has failed to keep the court apprised of his current address. The U.S. Postal Service has returned court mail addressed to the last institutional address Labrada provided at the Clark County Detention Center with a notation indicating that he no longer is at the

institution. ECF No. 4. Using the inmate locator tool on the Nevada Department of Corrections' website, the Clerk of Court re-sent court mail to Labrada at High Desert State Prison, but those mailing were also returned.[1] ECF Nos. 5–6. The Local Rules of Practice require all parties, including habeas petitioners, to immediately file with the court written notice of any change of address. LR IA 3-1, LR 2-2. The Local Rules also warn that failure to comply may result in dismissal of the action, with or without prejudice, or other sanctions as the court deems appropriate. *Id. See also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

I THEREFORE ORDER:

1. The Clerk of Court will mail Petitioner Alfredo Celestino Labrada a copy of the August 2019 Order (ECF No. 3), a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an IFP application for incarcerated litigants.

2. **On or before November 22, 2019:**

    a. Labrada must file a "Response to Order to Show Cause," showing cause why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Labrada's showing must be factually detailed, and must, where possible, be supported by exhibits.

    b. Labrada must file an IFP application along with all required attachments or, in the alternative, he will pay the $5.00 filing fee.

    c. Labrada must file an amended petition that corrects the noted deficiencies. Labrada must clearly title the amended petition as such by writing the word

---

[1] The inmate locator tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/. I take judicial notice of Labrada's current status as reported in NDOC's online records.

2

"AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 2:19-cv-01446-APG-BNW in the space for the case number ("CASE NO.").

    d. Labrada must update his address by filing a notice of change of address.

3. Labrada's failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

Dated: October 28, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE